UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 MAY 24  P 2: 13

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| GLOUCESTER MARITIME HERITAGE CENTER, INC., <br>     Plaintiff, <br><br> v. <br><br> F/V SPRAY (O.N. 273544) <br>     her engines, boilers, tackle, <br>     fishing permits and appurtenances, <br>     *in rem* <br><br> and F/V SPRAY, INC., *in personam*, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> )    C.A. No. <br> ) <br> ) <br> ) <br> ) <br> )    04-11070 RCL <br> ) <br> ) <br> ) |

## MOTION TO APPOINT SUBSTITUTE CUSTODIAN

Now comes Gloucester Maritime Heritage Center, Inc., the Plaintiff in the above captioned matter, and through its attorneys, states as follows:

1. The F/V SPRAY (O.N. 273544), is to be seized by the U.S. Marshal forthwith under process issued by this Honorable Court.
2. That the vessel is currently moored at Gloucester Maritime Heritage Center, Inc. in Gloucester, MA.
3. That in accordance with the prevailing custom in his district for many years, the said Marshal is willing to appoint a substitute custodian for said vessel, and that said custodian is willing and able to serve in that capacity.
4. That Gloucester Maritime Heritage Center, Inc. a reliable and responsible business entity is willing to serve as substitute custodian to see that said vessel is maintained safely and securely.
5. That to require the maintaining of a keeper on board said vessel 24 hours a day would serve no useful purpose, but would involve a very substantial expense which would impair the security of the Plaintiff and others who have intervened or may intervene in these proceedings.
6. That the proposed substitute custodian will take reasonable steps to insure the security and safety of said vessel at a suitable berth and has adequate insurance and personnel to carry out the same.
7. Gloucester Maritime Heritage Center, Inc. has insurance adequate insurance for the vessel during the pendency of these proceedings, and agrees to hold the Marshal harmless from all claims whatsoever arising out of Gloucester Maritime Heritage Center, Inc.'s role as substitute custodian, except for those claims arising out of the Marshal's own conduct.

WHEREFORE, Plaintiff moves for an order:

1. The Marshal be authorized to appoint said Gloucester Maritime Heritage Center, Inc. as substitute custodian for said vessel;
2. That the Marshal be directed that there shall be no requirement to maintain a 24 hour keeper on board said vessel so long as a responsible custodian has charge of same;
3. That the Marshal shall direct the substitute custodian take whatever steps are necessary to protect and preserve said vessel;

Respectfully submitted,
**Gloucester Maritime Heritage Center, Inc.**
By its attorneys

Stephen M. Ouellette, Esquire
BBO No.: 543752
David S. Smith, Esquire
BBO No.: 634865
Cianciulli and Ouellette
163 Cabot Street
Beverly, MA 01915
Tel: (978) 922-9933
Fax: (978) 922-6142

Dated: May 24, 2004